U.S. Department of Justice

United States Attorney
District of Maryland
Northern Division

Rod J. Rosenstein
United States Attorney

John F. Purcell
Assistant United States Attorney

36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201

DIRECT: 410-209-4855
MAIN: 410-209-4800
FAX: 410-962-3124
TTY/TDD: 410-962-4462
Jack.Purcell@usdoj.gov

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2014 MAY 22 PM 12: 54

CLERK'S OFFICE
AT BALTIMORE
BY_____ DEPUTY

May 7, 2014

Paul Hazlehurst
Office of Federal Public Defender
Tower II, Suite 1100
100 South Charles St.
Baltimore, MD 21201-2705

  Re: United States v. Kenneth Handy
    <u>Criminal Number CCB 09-652</u>

Dear Mr. Hazlehurst:

  This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). This offer must be accepted by **5:00 p.m. on May 9, 2014**, following which it will be withdrawn and deemed to be rejected. If the Defendant accepts this offer, please have him execute it in the spaces provided below. The terms of the agreement are as follows:

<u>Offense of Conviction</u>

  1. The Defendant agrees to plead guilty to Count One of the pending Indictment in which he is charged him with violation of 21 U.S.C. § 841 (a), possession with intent to distribute an unspecified quantity of cocaine base. The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

## Elements of the Offense

2. The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

The government would establish beyond a reasonable doubt that on or about April 14, 2009, in the State and District of Maryland, the Defendant:
- knowingly and intentionally,
- possessed,
- an unspecified quantity of cocaine base, and
- that he possessed that cocaine base with the intent to distribute it.

## Penalties

3. The maximum sentence provided by statute for the violation of 21 U.S.C. § 841(a) to which the Defendant is pleading guilty is as follows: 20 years imprisonment, a three-year term of supervised release and a fine of up to $1,000,000. In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664. If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

## Waiver of Rights

4. The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

a. If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

2

    b. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

    c. If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

    d. The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

    e. If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

    f. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

    g. If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

    h. By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The defendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status. Under federal law, conviction for a broad

range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

<u>Advisory Sentencing Guidelines Apply</u>

5. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

<u>Factual and Advisory Guidelines Stipulation</u>

6. This Office and the Defendant understand, agree and stipulate to the following Statement of Facts which this Office would prove beyond a reasonable doubt, and to the following applicable advisory sentencing guidelines factors:

<u>Guideline Stipulation</u>

(a). The parties stipulate and agree that the applicable advisory base offense level for this violation of 21 U.S.C. § 841 is 32 because the defendant has previously been convicted of at least two felony controlled substances offenses and qualifies for sentencing as a Career Offender, as that term is defined at U.S.S.G. § 4B1.1 (a).[1] It is further stipulated that as a Career Offender, the Defendant's advisory initial Criminal History category is VI. However, the parties stipulate and agree that a downward departure of one criminal history category is appropriate and warranted in this case pursuant to U.S.S.G. Section 4A1.3(b)(3)(A), resulting in a Criminal

---

[1] The Defendant's Career Offender predicates include the following:

Case number 205130008, Baltimore City Circuit Court, Guilty, Possession with intent to distribute narcotics; Guilty 8/22/05; sentenced to 15 years, of which 14 years, 11 months, 26 days was suspended.

Case Number 203056001, Baltimore City Circuit Court, Guilty, Possession with intent to distribute narcotics; Guilty 3/11/03; sentenced to 7 years, of which 6 years, 8 months, 24 days was suspended

4

History Category of V. This departure is warranted based on the minimal periods of incarceration imposed for the Defendant's prior felony controlled substance offenses.

In addition, pursuant to the directive of the Attorney General and his recommendation to the Sentencing Commission on March 14, 2014 , the parties agree to a further departure of TWO levels to the above base offense level, resulting in an offense level of **30/V**. The Defendant agrees to not seek a further reduced sentence pursuant to 18 U.S.C. § 3582(c) in the event the two-level reduction recommended by the Attorney General is adopted and made retroactive by the Sentencing Commission.

This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. Section 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose any adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

<u>Stipulation to Offense Conduct</u>

(b) The parties stipulate and agree that on April 14, 2009, at about 12:05 a.m., the Defendant was a passenger in a vehicle that was stopped by Baltimore City Police Officers for failure to stop at the stop sign at the intersection of Rokeby and Mt. Holly in Baltimore, MD. During the ensuing traffic stop, officers approached the vehicle on both sides. The officer to the outside and rear of the front passenger window observed that the Defendant was holding in his right hand a red ziplock bag that appeared to contain cocaine. When the Defendant noticed the officer, he threw the red ziplock bag onto the passenger side floor. The Defendant was ordered out of the car and searched, pursuant to which $976 in U.S. currency was recovered from the Defendant's right pant pocket and a black bag containing 13 clear plastic bags, each of which contained a similar quantity of white rock substance, was recovered from his person. The total contents of these bags was found to be 369 grams of cocaine base, a schedule II controlled substance.

7. This Office and the Defendant agree that with respect to the calculation of criminal history and the calculation of the advisory guidelines range no other offense

characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute.

8. The Defendant understands that, there is no agreement as to his criminal history or criminal history category and that the Court's sentencing findings will govern the Defendant's ultimate sentence despite any stipulations to the contrary.

### Agreement to Sentence Pursuant to Rule 11 (c) (1) (C)

9. Upon consideration of the circumstances of this case and the relevant sentencing factors set forth in 18 U.S.C. § 3553 (a), the parties stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a sentence of 72 months imprisonment (6 years) is the appropriate disposition of this case. This agreement does not affect the Court's discretion to impose any lawful term of supervised release or fine or to set any lawful conditions of probation or supervised release. In the event that the Court rejects this plea agreement, either party may elect to declare the agreement null and void. Should the Defendant so elect, he will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5).

### Obligations of the United States Attorney's Office

10. The government agrees to move to strike the language of Count One that specifies the quantity of cocaine base and to substitute "50 grams or more" with "a quantity." At the time of sentencing, this Office will recommend the 72 month sentence agreed to pursuant to Rule 11(c)(1)(C).

### Waiver of Appeal

11. In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their federal rights to appeal as follows:

a) The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

b) The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, and term or condition of supervised release), except as follows:

The Defendant reserves the right to appeal any sentence that exceeds 72 months' imprisonment and the government reserves the right to appeal any sentence of less than 72 months' imprisonment.

c) Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

d) The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any federal investigating agency.

## Obstruction or Other Violations of Law

12. The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (I) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

## Court Not a Party

13. The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and

any other relevant information. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

### Entire Agreement

14. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
John F. Purcell, Jr.
Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not

wish to change any part of it. I understand that I have agreed to a sentence of 72 months imprisonment. I am completely satisfied with the representation of my attorney.

5/12/14
Date

Kenneth Handy

I am Mr. Handy's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

5/12/14
Date

Paul Hazlehurst
Counsel for Kenneth Handy